

FILED

NOV 2 1 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Newport News Division**

KENNETH R. FLAUM,

    **Plaintiff,**

    v.                                           **CIVIL ACTION NO. 4:12cv111**

THE COLONIAL WILLIAMSBURG FOUNDATION,

    **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and Rule

12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)" and "Rule 12(b)(6)"). Having

carefully considered the parties' pleadings, this matter is now ripe for disposition. For the

reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Colonial Williamsburg Foundation ("Defendant" or "Colonial Williamsburg") is a

non-profit educational institution. Defendant operates a Historic District in Williamsburg,

Virginia, which includes Merchants Square, an 18th century style retail village with more than

40 shops and restaurants. Kenneth R. Flaum ("Plaintiff") claims he is a qualified individual with

a disability under the Americans with Disabilities Act ("ADA") because of back fusions,

rheumatoid arthritis, and two hip replacements that cause him to rely on the aid of a scooter or

wheelchair for mobility. Plaintiff is a resident of Gloucester, Virginia and claims that he visits

Merchants Square several times per month to shop and dine. On June 4, 2012, Plaintiff filed suit

1

against Colonial Williamsburg in the United States District Court for Eastern District of Virginia in the Richmond Division, alleging that he encountered various architectural barriers at Merchants Square that limited his access to the goods, services, facilities, and privileges offered at the property, in violation of the ADA and the Virginians with Disabilities Act (VDA). On June 29, 2012, the Richmond Court granted Plaintiff's motion to transfer this case to the Newport News Division.

On June 26, 2012, Defendant filed its initial Motion to Dismiss pursuant to Rules 12(b)(1) and (6). Plaintiff then filed his First Amended Complaint on July 2, 2012. On July 16, 2012, Defendant filed its second Motion to Dismiss. Plaintiff then filed his Second Amended Complaint on August 15, 2012. On August 27, 2012, Defendant filed the instant Motion to Dismiss pursuant to Rules 12(b)(1) and (6) contending that: (1) Plaintiff lacks standing to pursue his Second Amended Complaint; (2) the Second Amended Complaint fails to state a cause of action upon which relief can be granted; and (3) Plaintiff has failed to satisfy the notice/limitations period under the Virginians with Disabilities Act ("VDA"). Defendant has requested a hearing on its Motion to Dismiss, however the Court finds that a hearing would not aid in its decisional process. Accordingly, this matter is now ripe for determination before the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action where the Court lacks subject matter jurisdiction. Generally, challenges to standing are addressed under Rule 12(b)(1). *CGM, LLC. v. BellSouth Telecomm., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). Standing is a threshold requirement implicating the jurisdiction of the federal courts, and is "perhaps the most important" condition for a justiciable claim. *Allen v. Wright*, 468 U.S. 737,

2

750 (1984).

The Court assumes that all factual allegations in the complaint are true where Defendant challenges its legal sufficiency. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In assessing standing, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

3

1949-50 (2009).  Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 557).

The VDA mandates that "a person with a disability has the same rights as other persons to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places." Va. Code § 51.5-44(A).  The statute authorizes any person with a disability to petition the courts to enjoin the abridgement of rights...and to order such affirmative equitable relief as is appropriate and to award compensatory damages." Va. Code § 51.5-46(A).  Claims made under the VDA must be commenced within one year of the occurrence of the alleged violation. Va. Code § 51.5-46(B).

### III.  DISCUSSION

#### A. Standing

To satisfy the constitutional requirements for standing, Plaintiff must show that: (1) he suffered a concrete and particularized "injury in fact"; (2) the injury is traceable to the Defendant's actions; and (3) the injury likely will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 396 (4th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)).  Defendant Colonial Williamsburg primarily contends that Plaintiff lacks standing because he has failed to satisfy prong one of the analysis.  Prong one of the standing analysis requires Plaintiff to demonstrate that he will suffer an injury that is concrete and particularized, not conjectural or hypothetical. *Tyler v. The Kansas Lottery*, 14 F.Supp.2d 1220, 1224 (D.Kan.1998) *(citing Bennett v. Spear*, 520 U.S. 154 (1997)).  In order for the injury to be "particularized," it must affect the plaintiff in a personal and individual way. *Lujan*, 504 U.S. at 561 n.1.  With respect to this requirement, some courts have

4

adopted a four-factor test, analyzing: (1) the proximity of Defendant's business to Plaintiff's residence, (2) the Plaintiff's past patronage of Defendant's business, (3) the definitiveness of Plaintiff's plans to return, and (4) the Plaintiff's frequency of travel near Defendant. *Judy v. Pingue*, No. 08-859, 2009 WL 4261389 *3-*5 (S.D.Ohio Nov. 25, 2009); *Norkunas v. Park Road Shopping Ctr., Inc.*, 777 F.Supp.2d 998, 1002 (W.D.N.C. 2011). However, satisfaction of the above listed factors is not necessarily required to establish that Plaintiff's injury is sufficiently concrete and particularized.[1] *See Daniels v. Arcade, L.P.*, 477 Fed.Appx. 125, 129 (4th Cir. 2012) (unpublished) ("...the use of this [four-factor test] in some cases, such as the present one, overly and unnecessarily complicates the issue at hand."). In *Daniels*, the Fourth Circuit Court of Appeals ("Fourth Circuit") nevertheless found that the plaintiff had standing, due in part to the fact that he "lives near the Market, had visited the Market before the filing of the amended complaint, and in fact 'regularly visits' the Market." *Id* at 129. In the instant case, Plaintiff has similarly pled that he lives in relative close proximity to Merchants Square, he goes there several times per month to shop and dine, and he plans to return with his fiancé in the future. Pl's. Aff. ¶ 1-2. Plaintiff further elaborates on how these technical violations personally impacted him, noting that the excessive slopes, side slopes, and cross slopes have made it difficult for him to maneuver ramps leading into stores and restaurants, excessively high counters in the stores have made it difficult for him to pay, and the exposed pipes, improper door hardware, excessively high mirrors, and improperly located flush controls have impaired his ability to use the public restrooms at the facility. The Court must accept these allegations as true and plausible because Plaintiff resides in close proximity to Merchants Square. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also Daniels*, 2012 WL 1406299, at *4.

---

[1] Moreover, even if the Court were to apply this four-factor test, Plaintiff's Second Amended Complaint would likely meet the standard, given that Plaintiff has plead that he lives near Merchants Square, he goes there several times per month to shop and dine, and he plans to return with his fiancé in the future.

Defendant also argues that Plaintiff lacks standing because his Second Amended Complaint does not set forth any specific barriers that prevented his access to Merchants Square, but rather provides a list of generic, technical ADA violations. Def's Br. Mot. Dismiss ¶ 5-6. Plaintiff alleges that structural deficiencies at Merchants Square impeded his ability to access parking, accessible routes, public restrooms, and the goods and services available to other patrons. Sec. Am. Compl. ¶ 4-7. Specifically, Plaintiff expressly lists thirty-three ADA violations he personally encountered that significantly impaired his ability to access parking, stores, and restaurants. Pl's Resp. Mot. Dismiss. ¶ 2.  Plaintiff's injury is "actual" and "concrete" because he visited Merchants Square and encountered these difficulties himself. *Daniels* at *4. The injury is particularized because it affected Plaintiff in a "personal and individual way." *Id* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. at 561 n.1.); *see also Pickern v. Holiday Foods, Inc.*, 293 F.3d 1133, 1137-1138 (2002) ("…[I]n stating that he is currently deterred from attempting to gain access…Defendant has stated sufficient facts to show concrete, particularized injury."); *Steger v. Franco, Inc.*, 228 F.3d 889, 893-894 (8th Cir. 2000) (rejecting defendant's argument that plaintiff could only challenge the ADA violation as to the restroom he attempted to access).

Plaintiff has standing to seek injunctive relief to remedy an access barrier so long as he "has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation." *Equal Rights Center v. Abercrombie & Fitch Co.*, 767 F.Supp.2d 510, 525 (D.Md. 2010)(citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136–37 (9th Cir. 2002); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 214 (D.N.J. 2003) ("[A] disabled person [is permitted to] sue for injunctive relief under Title III to remedy an architectural barrier, even if he has not actually encountered it, so

long as he both has knowledge of its existence and would otherwise visit the public accommodation."). Here, Plaintiff essentially alleges that certain structural barriers exist at Merchants Square, and but for those ADA violations, he would enjoy equal access to the facilities. The fact that Plaintiff's allegations of injury are couched in "but-for" terms does not change the outcome of the standing analysis. *Equal Rights Center v. Abercrombie*, 767 F.Supp.2d at 525. The Court FINDS that Plaintiff has satisfied the standing requirement. Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is DENIED.

## B. Failure to State a Claim

Title III of the ADA prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations. 42 U.S.C. § 12182(a). Entities that provide public accommodations must remove architectural and structural barriers, or if barrier removal is not readily achievable, must ensure equal access for the disabled through alternative methods, §§ 12182(b)(2)(A)(iv)-(v) and 12184(b)(2)(C); *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128-129 (2005).

Defendant argues that Plaintiff has failed to allege facts sufficient to establish a cause of action for violation of Title III. Defendant's argument is twofold. First, Defendant asserts that Plaintiff has not alleged facts that show he was prevented from accessing the premises. Second, Defendant insists that Plaintiff has not alleged any facts that show that the alleged architectural barriers could be removed in a readily achievable manner that does not threaten the historic significance of the property. Def.'s Mot. Dismiss ¶10-11.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a "short and plain"

7

statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face. *Robinson v. American Honda Motor Co., Inc.,* 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 555, 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

Here, Plaintiff's Second Amended Complaint provides a list of thirty-three ADA technical violations present at Merchants Square related to parking and accessible routes, access to goods and services, and public restrooms. Plaintiff contends that he personally encountered these barriers and violations. Further, Plaintiff's Second Amended Complaint alleges that these barriers have significantly impaired his ability to park and his ability to enter doors, stores, and restaurants in Merchants Square. Despite the fact several of Plaintiff's allegations merely state that "there are" generally various ADA violations at Merchants Square, his Second Amended Complaint contains enough factual material to allow the Court to conclude that Defendant has violated the ADA. Plaintiff has sufficiently plead enough facts to present a plausible claim that he is disabled and that he encountered numerous architectural barriers at Merchants Square that prevented him from gaining access to the full and equal enjoyment of the facilities.[2]

Next, Defendant asserts that Plaintiff's Second Amended Complaint should be dismissed because Plaintiff has failed to meet his burden of proof regarding ready achievability. Title III of

---

[2] To the extent that Defendant finds that Plaintiff's Second Amended Complaint is vague or inadequate, Defendant is reminded that it has the option to file a motion for a more definite statement of the facts or further develop the factual basis underlying Plaintiff's claims through interrogatories.

the ADA generally prohibits discrimination against an individual "on the basis of disability in the

full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations of any place of public accommodation by any person who owns, leases (or

leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Discrimination

includes "a failure to remove architectural barriers, and communication barriers that are

structural in nature, in existing facilities ... where such removal is readily achievable." 42 U.S.C.

§ 12182(b)(2)(A)(iv).  According to the ADA Title III Technical Assistance Manual ("ADA

Manual") § III-4.4200, "[b]arrier removal would not be considered 'readily achievable' if it

would threaten or destroy the historic significance of a building or facility that is... designated as

historic under State or local law."

Defendant argues that Merchants Square is a historic-register property, and as such

Plaintiff must establish that any method of readily achievable barrier removal would not threaten

the historic significance of the property.  Several courts have held that the initial complainant

bears the initial burden of production on the question of ready achievability.  *Colorado Cross*

*Disability Coalition v. Hermanson Family Ltd.,* 264 F.3d 999, 1007 (10th Cir.2001); *Speciner v.*

*NationsBank, N.A.,* 215 F.Supp.2d 622, 631 (D.Md.2002); *but see Molski v. Foley Estates*

*Vineyard and Winery, LLC*, 531 F.3d 1043, 1048 -1049 (9th Cir. 2008) ("[T]he language of §

4.1.7, the access to information, and the congressional intent behind the ADA support placing the

burden of production on the defendant.").  Whatever the standard regarding the burden of

production, the "readily achievable" inquiry is premature at the pleading stage.  The law does not

require that Plaintiff request some specific form of modification as a prerequisite to a valid ADA

claim.  *Bacon v. City of Richmond*, 386 F.Supp.2d 700, 707 (E.D.Va. 2005) ("The burden is not

on the disabled to create accommodation solutions, but on those that provide services or facilities

9

which hinder their participation."). Plaintiff need only allege facts sufficient to permit a court to infer that all the elements of the cause of action exist. *Clark v. Simms*, No. 3:09CV00002, 2009 WL 890685, at *3 (citing *Jordan v. Alternative Res. Corp.*, 458 F.3d. 332, 344-345 (4th Cir. 2006)). Plaintiff has satisfied his burden by pleading that "it is readily achievable for Defendant to correct the ADA violations…without threatening or destroying the historical significance of any facility in Merchants Square." Sec. Am. Compl. ¶ 15. The question of what specific modifications may be necessary for full compliance is a factual issue reserved for trial. *Id.* A complaint will not be dismissed pursuant to Rule 12(b)(6) on the grounds that it fails to prove that the removal of the architectural barriers at issue is "readily achievable." *Id.*

Viewing the facts in the light most favorable to the non-moving party and accepting Plaintiff's allegations as true, the Court FINDS that Plaintiff's pleadings adequately withstand a Motion to Dismiss pursuant to Rule 12(b)(6). Accordingly, Defendant's Motion is DENIED.

## C. VDA Claim

Lastly, Defendant argues that Plaintiff is barred from pursuing his claim under the VDA because Plaintiff failed to comply with the requisite notice requirements of the statute. The VDA requires that a claimant provide the Defendant with written notice of the nature of the claim within 180 days of the occurrence of the alleged violation. Va. Code § 51.5-46(B). Plaintiff may also satisfy the statute by filing a complaint within 180 days of the alleged VDA violation. *Bacon v. City of Richmond*, 386 F.Supp.2d 700, 708 (E.D.Va 2005). Where, as here, Plaintiff alleges that the violations in question are ongoing, the filing of the lawsuit itself satisfies the statute's notice requirements. *Id.* Accordingly, Defendant's Motion to Dismiss pursuant to the Virginians with Disabilities Act is **DENIED.**

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Defendant's Motion to Dismiss the Second Amended Complaint is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November 21 , 2012

11